IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY D. OKPEKU # 107662      *

    Petitioner      *

v      *      Civil Action No.  DKC-12-2978

UNITED STATES OF AMERICA      *

    Respondent      *
                                ***

**MEMORANDUM OPINION**

Pending is self-represented Petitioner Anthony Okpeku's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the verdict of a Circuit Court for Montgomery County jury which found him guilty of malicious destruction of property and disorderly conduct. Okpeku is scheduled for sentencing on November 5, 2012.[1]

Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" pursuant to a state court judgment in violation of laws, treaties or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Petitioner is awaiting sentencing and is not yet in custody pursuant to a state court judgment. As such, he is not entitled to relief under § 2254.

Further, when filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. In Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be

---

[1] This information was obtained from the Maryland Judiciary Case Website at:
http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=121382C&loc=68&detailLoc=MCCR

raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals of Maryland. *See* Md.Code Ann., Crim. Pro. Art. §§ 7–101 et seq. (2001). If the Court of Special Appeals denies the application, no further review available and the claim is exhausted. If the application is granted but relief on the merits of the claim is denied, a petitioner must seek certiorari to the Court of Appeals of Maryland. *See Stachowski v. State*, 6 A.3d 907 (2010); *Williams v. State*, 438 A.2d 1301, 1305 (1981). Accordingly, the Petition will be dismissed without prejudice. In the event Petitioner intends to refile for federal habeas relief after exhausting his available state court remedies, he should be mindful that there is a one-year filing deadline for filing § 2254 petitions. This limitations period is explained in greater detail in the § 2254 information and forms packet that will be sent to Petitioner with this Order.

     A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). A Certificate of Appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The court will not issue a COA because Petitioner has not made the requisite showing. A separate Order follows.

Date:   October 31, 2012                              /s/
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge